UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CRIMINAL ACTION NO. 4:14CR-00001-JHM

UNITED STATES OF AMERICA                                                    PLAINTIFF

VS.

JANET HARPER                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to suppress by Defendant, Janet Harper. [DN 15]. An evidentiary hearing was held in this matter on August 19, 2014. Post-hearing briefs were filed. [DN 25, DN 29]. Fully briefed and argued, this matter is ripe for decision.

### I. BACKGROUND

Defendant, Janet Harper, is charged in Count 1 of the Indictment with knowingly receiving and retaining stolen property of the Social Security Administration consisting of $82,468.02 in supplemental security income benefits. In Count 2 of the Indictment, Defendant is charged with knowingly executing a scheme and artifice to defraud the Medicaid Program by falsely representing her living situation and marital status. On July 8, 2014, Defendant filed a motion to suppress "any and all statements, admissions and confessions allegedly given by the defendant, whether oral, written or otherwise recorded, which the government proposes to use as evidence against her" based on allegations that that they were involuntary and taken against Defendant's Fifth and Sixth Amendment rights.

### II. DISCUSSION

#### A. Notification of Rights

On April 12, 2013, Agents Jason Baker and Phillip Krieger with the Social Security

Administration Office of Inspector General interviewed Defendant regarding allegedly false statements regarding her living arrangements contained in her applications for supplemental social security benefits. The United States alleges that Defendant represented that she lived alone between February 2002 and April 2013 which enabled her to qualify for the supplemental social security benefits, when in fact she had resided with her husband, Ronald Harper, during the period in question.

At the evidentiary hearing, Agent Baker, Agent Krieger, and Defendant testified that after the Defendant entered the interview room, the Agent informed her of her rights. Specifically, Agents Baker and Krieger testified that Agent Baker read the non-custodial rights form to the defendant that provided in part as follows: "You have the right to remain silent and make no statement at all. Any statement you do make may be used as evidence against you in criminal proceedings. You are not in custody. You are free to leave and terminate this interview at any time." (United States' Exhibit 2.) Defendant signed the signature line on the form and printed her name below the signature line. Defendant acknowledged signing the form and being informed of her rights. In as much as Defendant argued in her initial motion to suppress that her statements should be suppressed as a result of a violation of her rights pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1965), the motion is denied.

### B. Written Statement

Agent Baker and Agent Krieger testified that during the interview, Agent Baker informed the Defendant that she was subject of a criminal investigation. The Agents further testified that Agent Baker showed the Defendant several social security forms that she had submitted in the past, identified the statements regarding her living arrangements the Agents believed were false, and requested that she initial the statements to acknowledge their falsity. The Agents testified

that at Defendant's request, Agent Baker wrote the Defendant's statement based on things she told them during the interview, read the entire statement aloud to the her, and gave her the opportunity to correct the statement. According to the Agents, the Defendant indicated the content of the statement was correct and signed it.

In contrast, Defendant argues that she did not voluntarily sign the statement attributed to her. Instead, Defendant testified that she informed the Agents that she had not made any false statements in the social security forms regarding her living arrangements. In fact, she testified that she informed the Agents that she and her husband had lived on the same parcel of land, but at different residences. According to Defendant, the Agents represented to her that they had written down the story she told them. Defendant asserts that Agent Baker did not read the statement to her and just told her to sign and date the statement. Further, Defendant claims that she was told by Agent Baker to initial certain areas in her previous social security forms without knowing or understanding why. Defendant insists that she was tricked and deceived by the agents. Further, Defendant testified that she suffers from panic attacks, bipolar condition, migraines, and poor eye-sight. At the time of the interview, she stated that she was sad, upset, nervous, and felt trapped.

Defendant seeks to suppress the statement and the use of the initialed social security forms, as well as any mention of these statements at the trial of this matter. Defendant contends that a confession must be accurately recorded or memorialized in order to be voluntary. Defendant admitted that she voluntarily signed the statement and initialed the portions of the documents in question. However, Defendant maintains that she presented credible evidence at the hearing that the statement signed by her was not the statement she related to the Agents or asked to be written for her. Further, Defendant argues that because mental condition is relevant

to her susceptibility to police coercion, the evidence presented regarding her mental condition supports the conclusion that her condition "resulted in an unreliable or inaccurate confession." Hernandez v. Martel, 824 F. Supp. 2d 1025, 1158 (C.D. Cal. 2011).

In order for a confession to be admissible, it "must be free and voluntary; that is, [it] must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." United States v. Bishop, 149 F.3d 1185, 1998 WL 385898, *3 (6th Cir. July 1, 1998)(internal quotations omitted). When a defendant claims that a confession was coerced, the government bears the burden of proving by a preponderance of the evidence that the confession was in fact voluntary. The Court must determine whether the confession was voluntary considering the "totality of the circumstances." See Arizona v. Fulminante, 499 U.S. 279 (1991).

The Sixth Circuit has established three factors for determining the voluntariness of a confession: "first, whether the police used coercive activity in obtaining the confession; second, whether the coercion was sufficient to overbear the will of the accused; and third, whether the accused's will was overborne because of the coercive police activity." Bishop, 1998 WL 385898, *3  Under the totality of circumstances analysis, a court should also consider relevant factors, including "the defendant's age, education and intelligence; whether the defendant has been informed of his constitutional rights; the length and extent of the questioning; and the use of physical punishment, such as the deprivation of food or sleep." United States v. Mahan, 190 F.3d 416, 423 (6th Cir. Aug. 31, 1999)(citing Ledbetter v. Edwards, 35 F.3d 1062, 1067 (6th Cir. 1994)).  If coercion by law enforcement agents was not the "crucial motivating factor" behind a defendant's decision to confess, the confession may not be suppressed.  Bishop, 1998 WL 385898, *4 (citing Colorado v. Connelly, 479 U.S. 157, 167 (1986)). "Thus, evidence that a

defendant suffered from a condition or deficiency that impaired his cognitive or volitional capacity is never, by itself, sufficient to warrant the conclusion that a confession was involuntary; some element of coercion by law enforcement agents is necessary." Id. (citing United States v. Newman, 889 F.2d 88, 94 (6th Cir.1989)).

First, the Court finds that Agent Baker and Agent Krieger did not trick Defendant into signing the statement admitting that she made false statements regarding her living arrangement in her applications for supplemental social security benefits. After considering the testimony of the Agents, Janet Harper, and Ronald Harper, the Court credits the testimony of the Agents regarding the events of the interview. The Court finds that during the interview, Agent Baker informed Defendant he had reason to believe that statements given by her to the Social Security Administration over an 11 year period were false. Defendant admitted that those statements were false, and she voluntarily initialed the statements to acknowledge their falsity. At the request of the Defendant, Agent Baker wrote out the Defendant's statement based on things she communicated during the interview, read the entire statement aloud to the Defendant, and gave the Defendant the opportunity to correct the statement. The Defendant indicated the content of the statement was correct and signed it.

Second, the Court finds that the Defendant's mental condition, medication, lack of medication, or feelings of sadness and nervousness did not render the statement made by Defendant nor the signing of the statement in question involuntary. The Agents testified that Defendant's demeanor during the interview was calm and even-keel; she did not appear to be upset. She talked in a normal tone. Agent Baker testified that she did not appear to have any physical impairment, did not appear to be under the influence of any drugs or alcohol, and did not have any difficulty answering the questions. During the interview, Agent Baker questioned

Defendant if she was under the influence of any drugs or alcohol, and she indicated that she was not. Further, the Agents testified that Defendant's behavior did not indicate that she had anything wrong with her mental state that would impair her ability to participate in the interview. The Court credits the Agents' testimony on this issue finding that Defendant was calm, alert, and responsive at the time of the interview.

The Defendant's conduct at the suppression hearing supports the Court's conclusion. Prior to the hearing, Defendant claimed that she had been hallucinating Morse code sounds the previous night and was on the verge of a panic attack if she had to testify. When required to proceed, the Defendant participated in the hearing. She was alert, understood the proceedings and the participants' roles, answered questions, and remembered specific details of the interview.

Even if Defendant had been suffering from some kind of mental condition, her statements would not be involuntary without agent misconduct. United States v. Luck, 2014 WL 2433989, *11 (W.D. Tenn. May 28, 2014). "Evidence that a defendant suffered, at the relevant time, from a condition or deficiency that impaired his cognitive or volitional capacity" is never, standing alone, sufficient to conclude that a confession is involuntary or a waiver is unknowing; "some element of police coercion is always necessary." United States v. Newman, 889 F.2d 88, 94 (6th Cir.1989); see also United States v. Dunn, 269 Fed. Appx. 567, 573 (6th Cir. 2008) (finding that a suspect's waiver of Miranda rights was knowing and intelligent because he was "alert, coherent, and lucid" during questioning, despite being under the influence of Vicodin and Marijuana at the time of his arrest); United States v. Treadwell, 11 Fed. Appx. 502, 511 (6th Cir. 2001). Considering the testimony of the witnesses at the suppression hearing, the Court credits the testimony of both Agents Baker and Krieger who testified that they did not coerce, threaten, or intimidate Defendant. Absent coercion, Defendant's statement was voluntary.

## III.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion to suppress by Defendant, Janet Harper, [DN 15] is **DENIED**.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

September 11, 2014